IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-551-FL

| | | |
|---|---|---|
| WILLIAM PAUL A. BYRD, Trustee,<br>William Paul Alexander Byrd Trust,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, a<br>federally chartered credit union, and APRIL<br>GALEY, employee/agent,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court for review of plaintiff's pro se complaint and amended motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), wherein it is recommended plaintiff's complaint be dismissed with prejudice and motion to proceed in forma pauperis be denied as moot. (DE 10). Plaintiff filed objections to the M&R. Also pending before the court is plaintiff's motion for leave to file amended complaint pursuant to Federal Rule of Civil Procedure 15 (DE 12). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts in part the M&R, dismisses plaintiff's original complaint without prejudice, and allows plaintiff's motion for leave to amend.

**BACKGROUND**

Plaintiff commenced this action September 2, 2025, with complaint and motion for leave to proceed in forma pauperis, which motion was not in the proper form for this district. Following

the court's order of deficiency and extension of time to October 20, 2025, plaintiff filed amended motion for leave to proceed in forma pauperis October 31, 2025. The complaint and amended motion were referred to the magistrate judge for frivolity review. Plaintiff filed November 3, 2025, motion for additional extension of time to comply with the court's order of deficiency. This motion also was referred to the magistrate judge.

Plaintiff's original complaint includes allegations of violations of several criminal statutes, a securities recordkeeping statute, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and various sections of the Uniform Commercial Code.

**DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.       Analysis

The magistrate judge recommends dismissal of the original complaint with prejudice for frivolity or, alternatively, for failure to state a plausible claim for relief.

Plaintiff objects to the magistrate judge's conclusion that the factual allegations in the complaint are frivolous, arguing that such allegations are capable of proof. Plaintiff also objects to the magistrate judge's recommendation of dismissal with prejudice.

Plaintiff does not object to the magistrate judge's determination that the original complaint

2

fails to state a claim. Indeed, plaintiff concedes that the criminal statutes cited in his original complaint do not create private rights of action. (Obj. (DE 11) at 2). Finding no clear error on careful review, the court ADOPTS this conclusion as its own and DISMISSES the original complaint. However, where "[p]laintiff requests leave to amend to assert viable civil claims," (id. at 1), the dismissal is WITHOUT PREJUDICE to amendment.

In the instant motion for leave to file amended complaint, plaintiff seeks to "cure deficiencies" in his original complaint "by pleading cognizable civil claims supported by the same factual events." (Mot. Amend (DE 12) ¶ 3). Attached to the instant motion is proposed amended complaint, alleging new causes of action. Where the "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), plaintiff's motion for leave to amend is ALLOWED, and the clerk is DIRECTED to file and separately index plaintiff's proposed amended complaint lodged at docket entry 12-1, along with its attachments.

For good cause shown, plaintiff's motion for extension of time to comply with the court's deficiency order (DE 9) is GRANTED, and plaintiff's amended motion for leave to proceed in forma pauperis (DE 6) is DEEMED timely. Where plaintiff has filed an amended complaint and this matter remains subject to the screening requirements under 28 U.S.C. § 1915(e), the court REFERS the matter again to the magistrate judge for resolution of the amended motion to proceed in forma pauperis and for review of the amended complaint pursuant to § 1915(e).

SO ORDERED, this the 3rd day of March, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

3